FILED
13th JUDICIAL DISTRICT COURT
Sandoval County
9/13/2021 3:13 PM
AUDREY GARCIA
CLERK OF THE COURT
CMK

STATE OF NEW MEXICO
COUNTY OF SANDOVAL
THIRTEENTH JUDICIAL DISTRICT COURT

FRANCES HORNE,

    Plaintiff,

v.                                    Case No.   D-1329-CV-2021-01367

SMITH'S FOOD & DRUG CENTERS, INC,         Noel, James A.

    Defendant.

## PLAINTIFF'S COMPLAINT FOR
## PERSONAL INJURIES AND OTHER DAMAGES

Plaintiff, Frances Horne and, by and through her counsel of record, SANCHEZ & PIÑON (Aaron Piñon) hereby bring this Complaint against Defendant, and in support states as follows:

### FACTUAL ALLEGATIONS

1. On information and belief, Defendant Smith's Food & Drug Centers, Inc. is a foreign profit corporation registered to do business in New Mexico and located at 1014 Vine Street, Cincinnati, Ohio 45202, and was/is acting jointly and in concert, and is and was, at all times material to this action, the property owners, tenants, organizers, managers and/or operators of the premises located at 1000 Rio Rancho Blvd. SE, Rio Rancho, New Mexico 87124 on May 22, 2020.

2. Plaintiff is a resident of Rio Rancho, Sandoval County, New Mexico.

3. This cause of action arises out of an incident that occurred at 1000 Rio Rancho Blvd. SE, Rio Rancho, NM 87124 on May 22, 2020, when Plaintiff Frances Horne sustained injuries after slipping and falling on produce while shopping at Smith's Food & Drug Center, Inc.

EXHIBIT B

4.      Prior to the incident, Defendant had actual knowledge of produce on the floor as one of its employees witnessed Plaintiff slip and fall, and the same employee was working in the same area prior to Plaintiff's fall.

5.      Prior to the incident, Defendant had constructive knowledge of the produce on the floor as it has had many prior incidents involving produce and falls at its premises, and a reasonable inspection by its employees would have revealed the presence of the wet produce on the date of this incident.

6.      On the day of the incident, Defendant created a dangerous condition on their premises by allowing produce to remain on the floor in the area where Plaintiff was shopping.

7.      This Court has jurisdiction over the parties and the subject matter of this action.

8.      The amount of damages at issue are in excess of the minimum statutory amounts for this New Mexico District Court.

## COUNT I - PREMISES LIABILITY

9.      Plaintiff incorporates all preceding paragraphs as if fully set forth here.

10.     At all times relevant herein, Plaintiff was an invitee on Smith's Food & Drug Center, Inc.'s premises.

11.     Defendant was responsible for overseeing all aspects of the activities on its premises on the incident date and prior thereto, including the duty to exercise ordinary care to keep the premises safe for the Plaintiff's use, and reasonable inspection of the premises, and employment of people necessary to ensure a safe premises.

12.     Defendant is vicariously liable for the acts and/or inactions of its employees and agents.

13.     Prior to the incident at issue, and through their course of conduct, Defendant undertook a duty to exercise reasonable care and caution for the safety, health and welfare of Plaintiff and other visitors to their premises where the fall took place, including measures to make its premises reasonably safe from produce on the floor.

14.     The Defendant knew, or in the exercise of reasonable care should have known, of an unreasonably dangerous condition and risk on their premises, including specifically produce on the floor, and that such conditions involved a foreseeable risk of harm and injury to a person in the position of Plaintiff.

15.     Nevertheless, Defendant negligently, recklessly, and/or intentionally failed to evaluate such conditions and failed to use reasonable care to prevent harm to the Plaintiff and others by the dangers of a produce on the floor due to customary and foreseeable shopping conditions.

16.     Defendant knew, or in the exercise of reasonable care should have known, that Plaintiff and other invitees would not discover the dangerous condition of produce on the floor due to customary and foreseeable shopping conditions, would not realize that the presence and condition of the produce presented an unreasonable risk of injury, or would not be able protect themselves from the risk and condition.

17.     The incident occurred as a direct and proximate result of the negligence and carelessness of Defendant in the following respects, to wit:

    a.    Defendant knew, or should have known of the dangerous condition(s);
    b.    Defendant failed to use ordinary care to remove, remedy, or warn of the dangerous conditions described herein;
    c.    Defendant failed to inspect the area where the produce was on the floor.

18.     At all times relevant herein, the decision to allow those on its premises to remain in and around the produce at issue was the responsibility of Defendant.

19.     At all times relevant herein, the decision whether to close and/or barricade the area in and around the produce at issue due to customary and foreseeable shopping conditions was the responsibility of Defendant, and it failed or refused to close and/or barricade the area in and around the produce at issue despite such conditions.

20.     As a direct and proximate result of the tortious conduct of Defendant, its agents and employees, Plaintiff was caused to sustain the following injuries: multiple fractures of bones in her wrist/arm, arthritis and arthritic conditions, osteoporosis, emotional distress, loss of enjoyment of life, pain and suffering, loss of household services, nature, extent and duration, and other damages, with the aforementioned injuries, their effects, and consequences being serious, permanent, and progressive.

21.     Defendant's wrongful acts as set forth above, including the aggravating circumstances attending the wrongful acts or failures to act, were a cause and/or contributing cause of Plaintiff's serious injuries as detailed herein, and resultant damages including past and future medical expenses, past and future pain and suffering; past and future emotional distress, loss of enjoyment of life, loss of consortium, loss of household services, and all other and future damages, for which Plaintiff seeks relief pursuant to New Mexico law.

## COUNT II - NEGLIGENCE

22.     Plaintiff incorporates all preceding paragraphs as if fully set forth here.

23.     At all relevant times, Defendant owed a duty to Plaintiff and others to provide a safe premises for their use as visitors.

4

24. Defendant negligently breached its duty of reasonable care owed to Plaintiff by:

   a. Failure to reasonably inspect the premises to discover produce on the floor; and/or
   b. Failure to remove the produce from the floor despite actual knowledge of its presence; and/or
   c. Failure to train its employees on removal of dangerous conditions such as the existence of produce on the floor.

25. As a direct and proximate result of the tortious conduct of Defendant, its agents and employees, Plaintiff was caused to sustain injuries and damages as elsewhere herein described and as will be proven to a jury in the trial of this matter, and with many of the aforementioned injuries, their effects, and consequences being serious, permanent, and progressive.

26. Defendant's wrongful acts as set forth above, including the aggravating circumstances attending the wrongful acts or failures to act, were a cause and/or contributing cause of Plaintiff's serious injuries as detailed herein, and resultant damages including past and future medical expenses, past and future pain and suffering; past and future emotional distress, loss of enjoyment of life, loss of consortium, loss of household services, and all other and future damages, for which Plaintiff seeks relief pursuant to New Mexico law.

## COUNT III - RES IPSA LOQUITUR

27. Plaintiff incorporates all preceding paragraphs as if fully set forth here.

28. At the time of the incident, Defendant, as owners and operators of the premises at issue, were in charge of the selection of employees and managers, and the overall operations of the premises and control of the area/premises at issue.

29. At the time of the incident, Defendant, as owners and operators of the premises at issue, had the right or power to control the produce, the storage of the produce, and the surrounding area, and further, had ample opportunity to exercise such control.

30. From the facts of the previously mentioned incident and the reasonable inferences therefrom, such incident was directly caused by the Defendant's negligence.

31. As a direct and proximate result of the tortious conduct of Defendant, its agents and employees, Plaintiff was caused to sustain injuries and damages as elsewhere herein described and as will be proven to a jury in the trial of this matter, and with many of the aforementioned injuries, their effects, and consequences being serious, permanent, and progressive.

32. Defendant's wrongful acts as set forth above, including the aggravating circumstances attending the wrongful acts or failures to act, were a cause and/or contributing cause of Plaintiff's serious injuries as detailed herein, and resultant damages including past and future medical expenses, past and future pain and suffering; past and future emotional distress, loss of enjoyment of life, loss of consortium, loss of household services, and all other and future damages, for which Plaintiffs seek relief pursuant to New Mexico law.

## COUNT IV- PUNITIVE DAMAGES

33. Plaintiff incorporates all preceding paragraphs as if fully set forth here.

34. The actions of Defendant, were motivated by profit over safety and as such the Defendant showed a reckless or conscious disregard for the safety of others, including Plaintiff so as to warrant the imposition of punitive and exemplary damages.

35. The acts and omissions of Defendant were willful wanton and with reckless disregard for the safety of Plaintiff.

36. Defendant acted in such a manner as to show a complete disregard for the safety and welfare of Plaintiff and other invitees.

37.     The imposition of punitive damages is appropriate under the circumstances surrounding the incidents, which serve as the basis of this Complaint, and will serve to punish and deter future conduct such as that which led to the incidents.

WHEREFORE, Plaintiff respectfully requests monetary damages against Defendant in amounts to be awarded by the jury to be just and reasonable, for pre and post judgment interest, for costs, and for all other appropriate relief as requested by Plaintiff at the jury trial of this matter.

Respectfully submitted,

SANCHEZ & PIÑON

/s/*Aaron J. Pinon*
Aaron J. Piñon
*Attorneys for Plaintiff*
541 Quantum Rd.
Rio Rancho, NM 87124
(505) 338-0209